SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
tkennedy@sheppardmullin.com
RYAN J. KRUEGER, Cal. Bar No. 293994
rkrueger@sheppardmullin.com
ADRIA K. HARRIS, Cal. Bar No. 324333
aharris@sheppardmullin.com
333 South Hope St., 43rd Floor
Los Angeles, California 90071
Telephone:  213.620.1780
Facsimile:   213.620.1798

Attorneys for Defendant,
HAWAIIAN GARDENS CASINO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN GARDENS CASINO and DOES 1-10,<br><br>Defendants. | Case No.  2:20-cv-06867-SVW-KS<br><br>**ANSWER TO UNVERIFIED COMPLAINT**<br><br>Los Angeles County Superior Court Case No.:  20STLC04687<br><br>Action Filed:       June 4, 2020<br>Trial Date:         None Set |

Defendant Hawaiian Gardens Casino ("Defendant"), in answer to plaintiff Christopher Martinez's ("Plaintiff") Complaint, responds as follows:

**<u>PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION FO THE UNRUH CIVIL RIGHTS ACT (CIVIL CODE SECTION 51)</u>**

1.      In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2.      In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3.      In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4.      In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5.      In response to Paragraph 5 of the Complaint, Defendant denies each and every allegation.

6.      In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.      In response to Paragraph 7 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

1.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2.      Plaintiff lacks standing to pursue his alleged claims.  Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he alleges barriers not related to his disability, he does not intend to return to the subject property and/or he does not have a concrete and particularized injury.

### THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.      Plaintiff's claims are barred to the extent that they are based on visits to the subject facility more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1.

### FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.      The purported architectural barriers provide effective access to Plaintiff.  Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

SMRH:4838-8846-5350.1

ANSWER TO COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

(Removal of Architectural Barriers Was Not Readily Achievable)

5.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

**SIXTH AFFIRMATIVE DEFENSE**

(Full Compliance is Structurally Impracticable)

6.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

**SEVENTH AFFIRMATIVE DEFENSE**

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

7.      Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.  28 C.F.R. § 36.402.

**EIGHTH AFFIRMATIVE DEFENSE**

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

8.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost

-3-

1  and scope of any and all alterations to the path of travel to the altered area

2  containing a primary function, if any, would be disproportionate to the cost of the

3  overall alteration to the primary function area, if any.

4  **NINTH AFFIRMATIVE DEFENSE**

5  (Defendant Provided Services Via Alternative Methods)

6  9.      Any allegedly wrongful acts or omissions performed by Defendant or

7  its agent, if there were any, do not subject Defendant to liability because Defendant

8  accommodated or was ready and willing to accommodate Plaintiff's alleged

9  disability by providing access via "alternative methods" other than the removal of

10  the barriers alleged in the Complaint.

11  **TENTH AFFIRMATIVE DEFENSE**

12  (Good Faith Reliance Upon Local Building Authorities)

13  10.      Plaintiff's Complaint and each claim alleged therein are barred by

14  Defendant's good faith reliance upon reasonable interpretations of California law by

15  local building authorities and issuance of appropriate building permits and

16  Certificates of Occupancy for the facility at issue.

17  **ELEVENTH AFFIRMATIVE DEFENSE**

18  (Unclean Hands)

19  11.      Plaintiff's claims are barred under the doctrine of unclean hands.

20  **TWELFTH AFFIRMATIVE DEFENSE**

21  (Technically Infeasible)

22  12.      Any allegedly wrongful acts or omissions performed by Defendant or

23  its agents, if there were any, do not subject Defendant to liability because full

24  compliance with the standards for the alleged architectural barriers identified in the

25  Complaint would be technically infeasible.

26

27

28

SMRH:4838-8846-5350.1                                          ANSWER TO COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Undue Burden)

13.     Insofar as Defendant has not made alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

14.     Plaintiff failed to properly mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

15.     Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

16.     Defendant is informed and believes and on that basis alleges that Plaintiff's alleged claims are barred, in whole or in part, because of his failure to name an indispensable party or parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

17.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there was any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

18.     The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

19.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Mootness)

20.     Plaintiff's claims are barred under the doctrine of mootness.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

21.     Plaintiff's claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of his Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

/ / /

/ / /

/ / /

SMRH:4838-8846-5350.1                                              ANSWER TO COMPLAINT

4.     For such further and other relief as the Court may deem just and proper.

Dated:  August 5, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     _____
                    */s/ Adria Harris*
TRACEY A. KENNEDY
RYAN J. KRUEGER
ADRIA K. HARRIS

Attorneys for Defendant
HAWAIIAN GARDENS CASINO

-7-

SMRH:4838-8846-5350.1                                        ANSWER TO COMPLAINT